WINDHAM COUNTY MUTUAL FIRE INSURANCE COMPANY v. JOSIAH PIERCE.

*Premium Note.　　Jurisdiction.*

The amount of a *premium note* deducting indorsements, given for value received in a policy issued by an insurance company, and not the amount of the *assessments* upon it, determines the question of jurisdiction, though the Company by provision of its charter may sue and recover either for the whole note or for the assessments where the assessments are not paid within a specified time.

ASSUMPSIT for the amount of assessments on a premium note of an insurance company. The note was for $147. The assesments that had accrued at the time the suit was brought, amounted to less than $100. The case is stated in the opinion of the court.

*Butler & Wheeler*, for the defendants, cited *Farmer's Mutual Fire Insurance Co.* v. *Marshall*, 29 Vt. 23 ; *Shepherd* v. *Beede*, 24 Vt. 40.

*C. K. Field*, for the plaintiff.

The motion to dismiss was properly overruled for the reason that the suit was predicated upon the assessments which are less than one hundred dollars. *Washington County M. Ins. Co.* v. *Miller*, 26 Vt. 77.

By an express provision in the charter of the Company they were at liberty to sue for and recover the whole amount of the note, or the assessments thereon. Session Laws of Vt. 1838, p. 14, § 8; *Washington Co. M. Ins. Co.* v. *Miller*, 26 Vt. 77.

Bringing the suit before a justice indicates an election both of remedy and tribunal, and the plaintiffs are thereby concluded and can take no greater judgment than the amount of the assessments. If they had instituted their suit in the county court, they must have claimed a judgment for the whole amount of the note to have justified the court in entertaining jurisdiction thereof.

A rigid construction will never defeat the jurisdiction of any court where the matter is reasonably doubtful, and the jurisdiction invoked by any party in good faith, fairly believing in its validity, will be sustained. *Stanley* v. *Barker*, 25 Vt. 507. In doubtful cases all intendments will be in favor of the jurisdiction. *Perkins* v. *Rich*, 12 Vt. 595.

PIERPOINT, J. This case come up by appeal from a judgment rendered by a justice of the peace.

The action is based upon what is commonly called a premium note, which was executed by the defendant to the plaintiff, upon his having his property insured by the plaintiff's company, and on which assessments were to be made, from time to time, of such sums as should be required, to pay the defendants proportion of such losses as the company should sustain by fire, the defendant upon being insured becoming a member of the company.

The note was for $147. The amount of the assessments, that had been made at the time the suit was brought, was less than $100.

By the charter of the company, on the neglect of the member to pay the amount of any assessments for the period of thirty days, the company might sue for, and recover the whole amount of his premium note.

It appears from the declaration and the case, that the defendant had so neglected for a much longer period.

On the case coming into the county court the defendant moved to dismiss the same, on the ground that the justice of the peace had no jurisdiction of the case. The motion was overruled and the defendant excepted.

We think the principle involved here is precisely the same as that declared in the *Farmers' Insurance Company* v. *Marshall*,

29 Vt. 23, and that the decision in that case must govern this. In that case the note was for over $100 and the assessments less. The action was brought in the county court to recover the assessments. A motion was made to dismiss on the ground that a justice of the peace had jurisdiction. The supreme court held that the county court had original jurisdiction, and overruled the motion. We do not see how we can overrule this motion, without overruling that decision.

Judgment reversed, and judgment that the suit be dismissed.